**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION** | **MDL No. 3026** |
| | **Master Docket No. 1:22–cv–00071** |
| **This Document Relates to:** | **Hon. Rebecca R. Pallmeyer** |
| ***KEOSHA DIGGS, Individually and as Parent and General Guardian of K.B., a minor vs. ABBOTT LABORATORIES, et al,* Case No. 1: 22-cv-05356** | **JURY DEMAND** |

## JOINT AGREED PRE-TRIAL STIPULATIONS

**I.  Pre-trial motion practice, pre-trial orders, and jury instructions / questionnaires**

a.  Summary judgment motions and remaining *Daubert* motions are due on June 2, 2025, responses are due on July 2, 2025, and replies are due on July 14, 2025. Arguments on such motions will be heard at a hearing the week of July 21. The parties will discuss with the Court during the June 11 hearing their position on live witnesses.

b.  *Daubert* motions will each be capped at 15 pages for openings and 15 pages for responses, with 10 pages for replies. Motions for summary judgment will be capped at 30 pages for openings and 35 pages for responses, with 15 pages for replies.

c.  The parties shall file motions in limine on June 27, 2025. Responses will be due July 18, 2025.

d.  The parties agree to the following page limits for motions in limine: 25 pages for opening and 25 pages for responses, to be allocated across all motions. There will be no replies. If the parties have a large number of unanticipated disputes, any party may request additional pages from the Court.

    e.   The parties will submit an agreed pre-trial order no later than July 23, 2025, which will include the parties' witness lists, exhibit lists, and proposed jury instructions.  A final pretrial conference will be set for the week of July 28, and all motions in limine and any other remaining pretrial motions will be heard on that date.

    f.   The parties will submit a proposed jury questionnaire two business days before the final pretrial conference. Any disagreements between the parties as to any portion(s) of the jury questionnaire will be addressed with the Court at the final pretrial conference.

## II. Exhibits

    a.   The parties shall produce their pre-marked exhibits on or before 7:00 p.m. Central Time on July 28, 2025.

        i.   The exhibit list shall include the following fields: Exhibit number, Begin Bates, End Bates, Date, Description and / or file name.

        ii.   If an exhibit is not readily available in digital format or cannot be branded (e.g. hard copy books), the parties need not provide that exhibit on July 28, 2025, and shall meet and confer about the production of such exhibits by July 31, 2025.

    b.   The parties may supplement their exhibit lists. Supplemental exhibits must be identified by 7:00 p.m. Central Time the night before they are used.

    c.   Other than if being used solely for impeachment, documents used on cross-examination shall be included on a party's exhibit list.

    d.   Any exhibit used with a witness must be made available to opposing counsel in hard copy before it is used.  All objections are otherwise reserved.

## III. Deposition Designations

    a.   Plaintiff will provide affirmative deposition designations on a rolling basis beginning the week of June 2, 2025.  Given the parties' extensive efforts at narrowing deposition designations in advance of the *Mar* trial, these designations are expected to be close to final trial cuts.

b. Defendant will provide objections to Plaintiff's affirmative designations, as well as any rule of completeness designations and counter designations (with each such designation specifically identified as either a completeness designation or counter designation and identifying the specific page and lines of Plaintiff's affirmative designations that each of Defendant's designations either completes or counters) within 7 days of receipt of Plaintiff's affirmative designations;

c. Plaintiffs will provide responses to Defendant's objections, objections to Defendant's rule of completeness designations and counter designations, and any rule of completeness designations and counter designations to Defendant's designations (with each such designation specifically identified as either a completeness designation or counter designation and identifying the specific page and lines of Defendant's designations that each of Plaintiff's designations either completes or counters) within 7 days of receipt of Defendant's objections and completeness/counter designations;

d. Defendant will provide responses to Plaintiff's objections, as well as objections to Plaintiff's rule of completeness designations and counter designations within 5 days of receipt of Plaintiff's completeness/counter designations;

e. The parties will meet and confer to attempt to resolve as many objections as possible and then submit all remaining objections to the Court for resolution within 5 days of receipt of Defendant's objections to Plaintiff's completeness/counter designations.

f. If any round of designations is overly large or does not reflect a good faith attempt at a near-final trial cut, the parties agree to work together on good faith adjustments to the above schedule.

g. These designations will be without prejudice. The parties agree to work cooperatively on changes (including minor additions) closer in time to play.

h. The parties agree to make a good faith effort to complete the designation process in sufficient time for opposing counsel to view the completed video, witness introduction, and a list of exhibits to be admitted, no later than 7 PM two nights before it is played. To the extent any changes need to be made to the designation after the 7 PM deadline, such changes must be made and exchanged by 11 PM that same evening.

i.   The parties understand that trial is dynamic and that there may be occasions where a party decides that testimony from unexpected witness is necessary for their case. If that is done in good faith, the parties agree to work together in good faith to expedite the designations, objections, and counters for that witness.

j.   Defendant will commence deposition designations on June 23, 2025, and shall produce additional designations on a pro-rata basis each subsequent Friday through August 8, 2025. Plaintiff shall counter-designate and object as set forth in Paragraph IV(b)-(e).

k.   Objections to deposition testimony and responses thereto will not be played unless editing to remove the same obscures the witness' testimony.

## IV.   Trial timing

a.   The parties will request that the Court provide questionnaires to prospective jurors on August 4, 2025.

b.   Jury selection will occur on August 7, 2025.

c.   The parties will request that opening arguments occur the morning of August 8, 2025, followed by the beginning of Plaintiff's case-in-chief.  The parties agree that Plaintiff and Abbott will each have 35 hours to present their case inclusive of openings and closings.  The parties further agree that the maximum time limit for openings will be 1 hour and 45 minutes and for closings will be 2 hours and 15 minutes.

## V.   Witnesses at Trial

a.   Parties shall identify any non-deposed witnesses expected to be called at trial, and indicating either live or by deposition, no later than July 10, 2025.  The parties reserve the right to request in good faith to call additional non-deposed witnesses who are listed on their witness list in the agreed pre-trial order depending on the evidence and argument elicited at trial.

b.   The parties will exchange a list of likely "will call" witnesses simultaneously at 7:00 p.m. Central Time on July 28, 2025.  This list will be without prejudice, but all parties reserve the right to object to new or resurrected witnesses based on prejudicial or unfair surprise.

c.  The parties agree that every Friday by 7:00 PM Central Time, a party will disclose a good faith list of witnesses for the following week, including a good faith estimate of the order in which these witnesses will be called.  As trial is dynamic, such disclosures will be without prejudice and such disclosures may be amended in good faith.

d.  Each party will make a good faith disclosure of witnesses they intend to call no later than 7:00 p.m. Central Time each evening, 36 hours before the witness takes the stand. Disclosures for Monday will occur no later than Saturday, and disclosures for Tuesday will occur no later than Sunday. The daily disclosures will likewise be in the order of the witnesses as they intend to call them. As trial is dynamic, such disclosures will be without prejudice and such disclosures may be amended in good faith.

e.  Parties shall produce any exhibits to be used with a witness called in that party's case on direct in hard copy at the outset of the examination.  The party cross-examining such witness shall produce in hard copy any exhibits they may use during cross-examination of that witness that day at the outset of the cross-examination. The cross-examining party may not use any exhibit on cross that day that was not produced in hard copy prior to the cross examination unless the cross-examining party seeks and is granted leave of Court to do so prior to asking the witness any questions related to such document or by agreement of the parties. This agreement does not require re-disclosure of exhibits used on direct prior to use on cross-examination.

f.  The parties shall produce by no later than 8:00 a.m. Central Time any slide presentations or pre-prepared physical chart or outline (or similar) to be used that day with a witness called in that party's case on direct.  The parties shall produce to opposing counsel any slide presentations or pre-prepared physical chart or outline (or similar) to be used on cross examination with a witness that day immediately before the witness takes the stand for cross-examination. The cross-examining party may not use any slide presentation or pre-prepared physical chart or outline (or similar) on cross that day that was not produced prior to the cross examination unless the cross-examining party seeks and is granted leave of Court to do so prior to asking the witness any questions related to said slide presentation or pre-prepared physical chart or outline (or similar) or by agreement of the parties. This requirement shall not apply to demonstratives created during examinations (e.g., whiteboard). This agreement does not require re-disclosure of demonstratives used on direct prior to use on cross-examination.

       i.    The parties will present argument to the Court on any outstanding objections before the demonstrative is intended to be used.

## VI.    Motion Practice During Trial

    a.    Prior to filing any motion during trial related to evidentiary issues anticipated to be heard, the parties shall meet and confer no later than 7:00 p.m. CST on the day before the motion is to be filed.

    b.    In the event the parties are unable to resolve the issue, the party seeking relief may file a letter brief and will endeavor to limit it to three pages. To the extent there are multiple issues that require court intervention, total briefing on all issues should generally not exceed seven pages.

    c.    A party's decision not to file an opposition brief shall not be deemed a waiver and may be discussed with the Court prior to commencing each trial day as the issues arise.

Respectfully submitted,

<table>
<tr>
<td>

*/s/ C. Andrew Childers*

C. Andrew Childers
**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 S. Baylen Street, Sixth Floor
Pensacola, FL 32502
(850) 435-7000
achilders@levinlaw.com

David P. Matthews
**MATTHEWS & ASSOCIATES**
2500 Sackett Street
Houston, Texas 77098
(713) 522-5250
dmatthews@thematthewslawfirm.com

</td>
<td>

*/s/ Linda Coberly*

Linda Coberly
Stephen V. D'Amore
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600
lcoberly@winston.com
sdamore@winston.com

James F. Hurst
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
(312) 862-5230
James.hurst@kirkland.com

*Counsel for Defendant Abbott Laboratories and Abbott Laboratories, Inc.*

</td>
</tr>
</table>

William F. Blankenship III
**BLANKENSHIP LAW FIRM**
3500 Maple Avenue
Suite 1100
Dallas, Texas 75219
(214) 361-7500
bill@blankenshiplaw.com

Tim K. Goss
Drew A. Warren
**FREESE AND GOSS**
3500 Maple Avenue
Suite 1100
Dallas, Texas 75219
(214) 761-6610
tim@freeseandgoss.com
drew@freeseandgoss.com

Timothy J. Becker
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
tbecker@johnsonbecker.com

Diandra S. Debrosse
**DICELLO LEVITT LLP**
420 20th Street N. Suite 2525
Birmingham, AL 35203
(205) 453-6415
fu@dicellowlevitt.com

Wendy R. Fleishman
**LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
(212) 355-9500
wfleishman@lchb.com

José M. Rojas
**LEVIN, ROJAS, CAMASSAR &**
  **RECK, LLC**
40 Russ Street
Hartford, CT 06106
(860) 232-3476
rojas@ctlawyer.net

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Joint Agreed Pre-Trial Stipulations was served upon counsel of record on June 11, 2025, via the Court's electronic filing system.

*/s/ Linda Coberly*

*Counsel for Defendants Abbott Laboratories and Abbott Laboratories, Inc.*